## Richmond

Linda W. Batts v. Donald L. Capps and BP Oil Corporation.

September 1, 1972.

Record No. 7849.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*William N. Eason* (*Sidney Sacks; Lewis, Sacks & DeLaura,* on brief), for plaintiff in error.

*Lawson Worrell, Jr.* (*Richard M. Swope; Williams, Worrell, Kelly & Worthington,* on brief), for defendants in error.

Snead, C.J., delivered the opinion of the court.

Linda W. Batts instituted an action against BP Oil Corporation and its truck driver, Donald L. Capps, to recover damages for personal injuries she sustained in a collision between a vehicle driven by Bonnie W. Willis, in which she was a passenger, and a panel truck operated by Capps. A jury trial resulted in a verdict for the defendant upon which the court entered judgment, and we granted the plaintiff a writ of error.

The only question properly presented for decision is whether the trial court erred in granting Instruction D-11, which related to the theory of unavoidable accident.

The accident occurred at approximately 4:30 p.m. on July 29, 1969, at the three-street, five-point intersection of Jenifer, Wilkie and Quincy Streets in the City of Norfolk. There were no traffic signs

or controls at the intersection, and the speed limit was 25 miles per hour. The streets were dry.

Quincy Street runs generally north and south; Jenifer Street runs generally northeast and southwest; and Wilkie Street, terminating at the intersection, runs generally northwest and southeast. At the time of the accident there was a hedge, approximately four and one-half feet high, extending along and around the corner made by Wilkie and Jenifer Streets, obscuring the vision of Mrs. Willis proceeding northwest on Wilkie Street and of Capps proceeding southwest on Jenifer Street.

When both vehicles entered the intersection, the right front of the defendants' truck collided with the right rear fender of the Willis Volkswagen in which the plaintiff was riding. Neither driver saw the other until immediately before the impact. Both vehicles were badly damaged, and Mrs. Batts was taken to the hospital for treatment of her injuries. Shortly after being admitted, Mrs. Batts, who was eight and one-half months pregnant, gave birth to a still-born child.

Both drivers were familiar with the intersection and the obstruction of view created by the high hedge. Capps had lived approximately one block away for about nine months. Mrs. Willis traveled the intersection daily on the way to visit her mother.

Over the objection and exception of the plaintiff, the trial court granted Instruction D-11. It reads:

"The Court instructs the jury that the law recognizes that a collision between vehicles may be unavoidable even though the drivers are lawfully, properly and without negligence operating the same. If you believe from the evidence before you that Mrs. Batts' injuries resulted from an unavoidable collision, you shall find your verdict for the defendants."

The plaintiff objected to the instruction on the ground that the evidence did not support an unavoidable accident instruction, and that it ignored plaintiff's evidence which presented a jury question on defendants' negligence.

This Court has recognized that few automobile accidents occur without fault, and the occasion for the use of an unavoidable accident instruction is rare. Where there is a reasonable theory of the evidence under which the parties involved may be held to have exercised due

care notwithstanding that the accident occurred, an unavoidable accident instruction is proper and should be submitted to the jury. *Holbert* v. *Evans*, 209 Va. 210, 215, 163 S.E.2d 187, 191 (1968).

The granting of such an instruction depends on the facts of each particular case. In the instant case, the evidence showed that the driver of the truck and the operator of the automobile both proceeded to drive blindly into the intersection. By his own testimony, the defendant Capps was traveling at least 20 miles per hour. Both operators were thoroughly familiar with the dangerous situation created by the high hedge which obscured proper vision. We hold that under the facts and circumstances of this case, the jury could have properly found negligence on the part of one of the drivers, or both of them, and that it was prejudicial error to have given Instruction D-11.

The judgment appealed from is reversed and the case is remanded for a new trial.

*Reversed and remanded.*