## Richmond

GEORGIA DAMRON

v.

## GEORGE HAGY, III, AND SERVICE APPLIANCE COMPANY, INC.

October 5, 1979.

Record No. 780228.

Present: All the Justices.

J. R. Tiller (*Popp & Tiller,* on brief), for appellant.

*James P. Jones* (*Penn, Stuart, Eskridge & Jones,* on brief), for appellees.

POFF, J., delivered the opinion of the Court.

Plaintiff appeals from a judgment confirming a jury verdict against her claim for damages for personal injuries sustained in an automobile collision. The sole issue is whether the trial court erred in granting an "unavoidable accident" instruction requested by defendants.

Plaintiff Georgia Damron and Jane Jerlinski were passengers in a car driven by Myrtle Fields east along Sycamore Street. Defendant George Hagy, III, was driving a pickup truck owned by defendant Service Appliance Company, Inc., north along Moore Street. As the two vehicles entered the intersection of the two streets, the front of the pickup struck the right side of the car. Both vehicles were travelling at a lawful speed, and visibility was unimpaired by weather, traffic, or other obstructions.

Traffic at the intersection was controlled by a traffic light; neither driver could see the light facing the other. Fields testified that, as she neared the intersection, the light facing her was green; that it did not turn yellow; that she saw the truck approaching on her right; and that, thinking the truck would stop, she continued into the intersection. Jerlinski corroborated Fields' testimony. Plaintiff did not see the light. Hagy testified that the light facing him was green as he approached the intersection and had not turned yellow when he entered. Neither party offered evidence to show whether the traffic light was defective.

At defendants' request, the trial court granted an instruction telling the jury to find for defendants if it believed that the accident was unavoidable. The jury returned a verdict for defendants, and, by final order entered November 23, 1977, the trial court confirmed the verdict and dismissed plaintiff's motion for judgment.

An unavoidable accident is one "which ordinary care and diligence could not have prevented", *Smith* v. *Tatum,* 199 Va. 85, 91, 97 S.E.2d 820, 824 (1957), or one which occurred in " 'the absence of negligence upon the part of all of the parties charged therewith.' " *Mawyer* v. *Thomas,* 199 Va. 897, 902, 103 S.E.2d 217, 220 (1958), quoting *Glazer* v. *Wheeler,* 130 S.W.2d 353, 359 (Tex. Civ. App. 1939). Applying those definitions, we have declined to abolish the doctrine of unavoidable accident or to limit it to cases involving accidents resulting from unknown causes. *Holbert* v. *Evans,* 209 Va. 210, 163 S.E.2d 187 (1968). Yet, we have said that "the

occasion for the use of an unavoidable accident instruction is rare" and "depends upon the facts of the particular case." *Bickley, Adm'x v. Farmer,* 215 Va. 484, 488, 211 S.E.2d 66, 70 (1975). "It is only where there is a reasonable theory of the evidence under which the parties involved may be held to have exercised due care, notwithstanding that the accident occurred, that an unavoidable accident instruction is proper." *Id.*

Defendants advance the theory that the testimony that the traffic light was green facing both drivers raises an inference that the device malfunctioned and that, in light of this circumstance, neither driver was guilty of negligence. Hence, they argue, this was one of those rare occasions when an unavoidable accident instruction was proper.

■ We disagree. Defendants' argument fails because their theory involves a *non sequitur.* Even if the inference they draw from the testimony is reasonable, it does not follow that the drivers were free of negligence. A green traffic light does not suspend the duty a motorist owes other users of the highways.

> "[A] green light is [not] an unqualified command to a motorist to move in the direction indicated under any and all circumstances. It is only a command to do so in the exercise of reasonable care. . . ." *Arney* v. *Bogstad,* 199 Va. 460, 463, 100 S.E.2d 749, 752 (1957).
> "The mere fact that one vehicle has the right of way over another at a street intersection does not relieve the driver thus favored from the duty of keeping a reasonable lookout and otherwise exercising ordinary care to avoid a collision." *Sayre* v. *Shields,* 209 Va. 409, 410-11, 164 S.E.2d 665, 667 (1968) (footnote and citations omitted).

The evidence showed that each driver had an unobstructed view of the other, that the collision occurred within the intersection, and that the front of Hagy's truck struck the right side of Fields' car. Even if the jury believed that the traffic light was green in both directions, it could have found that the collision resulted from the negligence of one of the drivers or from the concurring negligence of both. We hold, as we did in *Mawyer* v. *Thomas, supra,* 199 Va. at 901, 103 S.E.2d at 220, that the unavoidable accident instruction "gave the jury an easy way of avoiding instead of deciding the issue made by the evidence in the case. It was reversible error to give it."

The judgment will be reversed and the case remanded for a new trial consistent with our holding.

*Reversed and remanded.*