# MICHAEL B. GARNOT

## V.

# DAVID SCOTT JOHNSON

Record No. 890019

January 12, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Harrison, Retired Justice

*R. Scott Pugh (John P. Harris, III; William H. Harris; Harris & Harris*, on brief), for appellant.

*John A. Sutherland, Jr. (Siciliano, Ellis, Dyer & Boccarosse*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal in a motor vehicle collision case, we determine whether the trial court erred (1) in refusing to instruct the jury on an operator's duty not to follow a motor vehicle more closely than is reasonable under the circumstances and (2) in granting a jury instruction on "sudden emergency."

Michael B. Garnot sued David Scott Johnson to recover damages for personal injuries Garnot sustained when the automobile she was operating was struck from the rear by an automobile operated by Johnson. A jury returned a verdict in favor of Johnson, and the trial court entered judgment thereon. Garnot appeals.

The collision occurred on March 23, 1985, at the intersection of U.S. Route 1 and Longview Avenue, near the Woodbridge community in Prince William County. Garnot was stopped at a red traffic light at the intersection behind three or four other vehicles. She described what occurred as follows:

> The light turned green, cars were starting to move—and I was too. And then through the intersection there were cars that were stopping. There was a problem. And I applied my brakes and I stopped, along with everyone else. . . . I was hit. And that pushed my car into the car in front of me.

Johnson gave this account of the collision:

> The light was red when we came up to the intersection. I stopped. We were there for a minute or two. . . . The light turned green. Traffic started. And then traffic suddenly stopped. . . . The car in front of me was slowing down. . . . I applied my brakes. . . . I impacted with the car in front of me.

Johnson further testified that he had proceeded a distance of one to two car lengths before the collision and was travelling at a speed of "[l]ess than five miles an hour" at impact.

Garnot first contends that the trial court erred in refusing her proffered Instruction 9 that reads as follows:

> The driver of a motor vehicle shall not follow another motor vehicle more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic upon, and conditions of, the highway at the time.
> If a driver fails to perform this duty, then he is negligent.

Johnson, on the other hand, contends that there is "no evidence in the record" to support the granting of the instruction. He asserts that the trial court, in granting an instruction on lookout, control and speed,* "properly instructed the jury on all aspects of negligence."

---

\* This instruction reads:
   The driver of a vehicle has a duty to use ordinary care:
   1. to keep a proper lookout;
   2. to keep his vehicle under proper control; and

■ The burden of persuasion on the issue of primary negligence always remains with a plaintiff. However,

> when the plaintiff show[s] by the evidence that the car in which she was riding was struck from the rear while stopped, or nearly stopped, at a red traffic light, she [makes] out a *prima facie* case of negligence and the burden of going forward with the evidence on the issue of negligence shift[s] to the defendant.

*Watford* v. *Morse*, 202 Va. 605, 607, 118 S.E.2d 681, 683 (1961); *accord Weems* v. *Blalock*, 226 Va. 304, 305-06, 309 S.E.2d 302, 303 (1983).

■ In *Maroulis* v. *Elliott*, 207 Va. 503, 151 S.E.2d 339 (1966), a rear-end collision case, we said that a motor vehicle operator owes a duty

> to keep a reasonable lookout for the sudden stopping of vehicles ahead of him, to avail himself of such lookout, and to keep a reasonable distance between his automobile and the automobile immediately in front of him.
>
> . . . .
>
> The likelihood of sudden stopping is one of the reasons for requiring an automobile driver to keep a proper lookout, and to maintain a reasonable and prudent distance behind an automobile in front of him. Every driver knows that vehicles may stop suddenly for various reasons or causes. It is not necessary that one should foresee the cause for which a car may stop; but if he is prudent he must recognize the possibility of a sudden stop. Liability ensues when injury results from a risk or hazard which may be reasonably foreseen, although the precise injury may not be foreseen. If [a driver] fail[s] in any one of his duties to keep a proper lookout, to have his car under proper control, or to maintain a reasonable and prudent distance behind the car in front of him, then he took the risk of a collision with the car in front, a natural and probable consequence if the leading car suddenly stopped.

3. to operate his vehicle at a reasonable speed under the existing conditions. If a driver fails to perform any one or more of these duties, then he is negligent.

*Id.* at 509-10, 151 S.E.2d at 344 (citation omitted).

In the present case, Johnson had the burden of producing evidence tending to overcome Garnot's *prima facie* showing that Johnson violated one or more of four duties he owed Garnot. The trial court, however, in refusing Instruction 9, failed to place the burden upon Johnson to overcome the *prima facie* showing that he was following Garnot more closely than reasonable and prudent under existing conditions. In refusing the instruction, the court stated that there was no evidence to support giving the instruction. We do not agree.

It is undisputed that, although Johnson applied his brakes, he was unable to stop before striking Garnot's car from the rear. Moreover, Garnot's car was struck with sufficient force to knock it into the car immediately to its front. Significantly, all other drivers in the line of traffic were able to avoid a collision.

Based upon these uncontroverted facts, we conclude that a jury reasonably could infer that Johnson was following Garnot more closely than was reasonable and prudent under existing conditions. Therefore, in refusing Instruction 9, the trial court committed reversible error.

Over Garnot's objection, the trial court granted Instruction M (the sudden emergency instruction) which reads as follows:

> The defendant contends that he was confronted with a sudden emergency. A sudden emergency is an event or a combination of circumstances that calls for immediate action without giving time for the deliberate exercise of judgment.
>
> If you believe from the evidence that the defendant, without negligence on his part, was confronted with a sudden emergency and acted as a reasonable person would have acted under the circumstances of this case, he was not negligent.

Johnson contends that the trial court properly granted the "sudden emergency" instruction. He asserts that "[t]he immediate and sudden stopping of the vehicles in front of [Garnot and Johnson] confronted [Johnson] with an emergency situation." We do not agree.

In *Carolina Coach Company v. Starchia*, 219 Va. 135, 244 S.E.2d 788 (1978), we considered when a sudden emergency instruction should be given. There we said that

when the evidence is in conflict or when diverse inferences may be properly drawn from the evidence, it is for the jury to say (1) whether defendant was confronted with an emergency; (2) whether any such emergency was created by defendant's own negligence; and (3) whether, after creation of the emergency, defendant acted as an ordinarily prudent person under the circumstances.

*Id.* at 141, 244 S.E.2d at 792.

The word "emergency" is defined as "[a] sudden unexpected happening; an unforeseen occurrence or condition; . . . a sudden or unexpected occasion for action; . . . an unforeseen combination of circumstances that calls for immediate action." Black's Law Dictionary 469 (5th ed. 1979). *See also* Webster's Third New International Dictionary 741 (1981); *Portsmouth* v. *Chesapeake*, 205 Va. 259, 266, 136 S.E.2d 817, 823 (1964).

■ As we previously have observed, however, a driver knows, or should know, that a car immediately in front of him may stop suddenly. *Maroulis*, 207 Va. at 509-10, 151 S.E.2d at 344. It is a foreseeable, not an unexpected, occurrence. *Id.* Therefore, such a stopping, absent evidence of an unforeseen happening, does not constitute an emergency that would invoke the sudden emergency doctrine.

■ No reasonable inferences could be drawn in the present case to suggest an "emergency" within the meaning of the sudden emergency doctrine. Johnson was following one of a number of cars in a line of traffic and should have foreseen that the car in front of him might stop suddenly. Because Garnot's sudden stop was not an unexpected or unforeseen occurrence, as contemplated by the sudden emergency doctrine, the trial court erred in granting Instruction M.

For these reasons, we will reverse the trial court's judgment and remand the case for a new trial consistent with the views expressed herein.

*Reversed and remanded.*