AUDREY C. CHODOROV

V.

RAYMOND WILLIAM ELEY

Record No. 890792

April 20, 1990

Present: All the Justices

*Stephen M. Smith* for appellant.

*James A. Howard, II (Howard & Howard*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The principal issues in this appeal from a judgment in a motor vehicle collision case are whether the trial court erred in granting jury instructions on "sudden emergency" and "unavoidable accident."

Audrey C. Chodorov sued Raymond William Eley to recover damages for injuries Chodorov sustained when the automobile in which Chodorov was a passenger was struck from the rear. A jury found in favor of Eley, and the trial court entered judgment in accordance with the jury's verdict. Chodorov appeals.

The collision occurred on September 10, 1985, about 2:00 p.m., on Interstate Route 64, near the westbound exit of the Hampton Roads Bridge-Tunnel, in the City of Hampton. Chodorov was a rear-seat passenger in an automobile operated by Manila Cole. The Cole automobile, headed in a westerly direction on Interstate 64, was stopped in a line of traffic at the time of the accident.

An automobile operated by Jonathan Antis was stopped immediately behind the Cole vehicle. Antis testified that he had been travelling at a speed of approximately 50 miles per hour, and that

as he exited the tunnel, he observed that traffic was stopped approximately 100 feet ahead of him. He stated that nothing prevented him from seeing the Cole vehicle. Antis, therefore, applied his brakes and stopped his automobile approximately 6 to 7 feet behind the Cole car.

Several seconds later, the Antis car was struck in the rear by the automobile operated by Eley. The collision caused the Antis vehicle to be thrust into the rear of the Cole automobile.

Eley testified that he had been following the Antis car at a distance of 30 to 35 feet and at a speed of approximately 55 miles per hour. He stated that as he exited the tunnel he was blinded momentarily by the sun. He further stated that by the time he regained his vision and realized that traffic ahead of him was stopped, he applied his brakes but could not avoid colliding with the rear of the Antis car.

Eley was issued a traffic ticket for following too closely. He did not contest the charge and paid a fine. The traffic summons, with Eley's guilty plea noted thereon, was introduced as an exhibit at trial.

Chodorov first contends that the trial court erred in granting a jury instruction on "sudden emergency." We agree. The instruction reads as follows:

> The defendant, Mr. Eley, contends that he was confronted with a sudden emergency. A sudden emergency is an event or a combination of circumstances that calls for immediate action without giving time for the deliberate exercise of judgment.
>
> If you believe from the evidence that the defendant, Mr. Eley, without negligence on his part, was confronted with a sudden emergency and acted as a reasonable person would have acted under the circumstances of this case, he was not negligent.

Recently, in *Garnot v. Johnson*, 239 Va. 81, 387 S.E.2d 473 (1990), we were presented with essentially the same issue. There, we stated that an emergency which would give rise to a "sudden emergency" instruction must be a sudden, unexpected, and unforeseen occurrence or happening that calls for immediate action. *Id.* at 86, 387 S.E.2d at 476. We further stated that "a driver knows, or should know, that a car immediately in front of

him may stop suddenly;" thus, such an occurrence is foreseeable and not unexpected. *Id*. The conclusion we reached in *Garnot* applies as well in the present case:

> No reasonable inferences could be drawn . . . to suggest an "emergency" within the meaning of the sudden emergency doctrine. [The defendant] was following one of a number of cars in a line of traffic and should have foreseen that the car in front of him might stop suddenly. Because [the] sudden stop was not an unexpected or unforeseen occurrence, as contemplated by the sudden emergency doctrine, the trial court erred in granting [the instruction].

*Id.*

Chodorov next contends that the trial court erred in granting a jury instruction on "unavoidable accident." The instruction reads as follows:

> An unavoidable accident is one which ordinary care and diligence could not have prevented or one which occurred in the absence of negligence by any party to this action.

Although we have declined to abolish the doctrine of unavoidable accident or to limit it to cases involving accidents resulting from unknown causes, we have stated repeatedly that it is rarely permissible to give an unavoidable accident instruction in automobile accident cases. *Marshall* v. *Goughnour*, 221 Va. 265, 269, 269 S.E.2d 801, 804 (1980). *Accord Bickley, Adm'x* v. *Farmer*, 215 Va. 484, 488, 211 S.E.2d 66, 69-70 (1975); *Batts* v. *Capps*, 213 Va. 174, 175, 191 S.E.2d 227, 228 (1972). This follows because we have recognized that few automobile accidents occur without fault. *Bickley, Adm'x*, 215 Va. at 488, 211 S.E.2d at 69; *Batts*, 213 Va. at 175, 191 S.E.2d at 228. Further, we have recognized that such an instruction is apt to give a jury "an easy way of avoiding instead of deciding the issue made by the evidence in the case." *Mawyer* v. *Thomas*, 199 Va. 897, 901, 103 S.E.2d 217, 220 (1958).

The term "unavoidable accident," as used in the instruction, means "an accident which ordinary care and diligence could not have prevented." *Smith* v. *Tatum*, 199 Va. 85, 91, 97 S.E.2d 820, 824 (1957). The granting of such an instruction is proper "only where there is a reasonable theory of the evidence under which

the parties involved may be held to have exercised due care, notwithstanding that the accident occurred." *Bickley, Adm'x*, 215 Va. at 488, 211 S.E.2d at 70; *Batts*, 213 Va. at 175-76, 191 S.E.2d at 228.

In the present case, Eley admitted that he was following Antis at a distance of 30 to 35 feet while travelling at a speed of 55 miles per hour. The Eley and Antis automobiles were but two in a long line of traffic. When Antis exited the tunnel, he had no trouble seeing the stopped traffic at a distance of approximately 100 feet and was able to stop his car behind the Cole car. We conclude that this undisputed evidence negates any reasonable theory that this rear-end collision was "an accident which ordinary care and diligence could not have prevented." Consequently, we hold that under the evidence in this case the trial court erred in granting the instruction on "unavoidable accident."

Finally, Chodorov contends that the trial court erred in refusing to grant the following instruction:

> The defendant, Raymond William Eley, has testified that he received a traffic summons for following too closely and that he paid a forfeiture of said summons. You may consider this as an admission of negligence on his part.

Chodorov contends that proof of Eley's voluntary payment of the fine amounted to a plea of guilty of following too closely and constituted a "judicial admission" that Eley was negligent. Eley explained, however, that he paid the fine voluntarily "to keep from having [to] take time from [his] work and time off to try to fight [the charge of following too closely]."

Although the jury reasonably could have found from this evidence that Eley, by paying the fine voluntarily, had acknowledged that he was following too closely, the jury also reasonably could have found that Eley paid the fine to avoid the inconvenience and expense of contesting the charge. We conclude that the instruction effectively would have placed greater emphasis on one particular item of evidence. We hold, therefore, that the trial court properly refused the instruction.

For the reasons stated, the trial court's judgment will be affirmed in part and reversed in part, and the case will be remanded for a new trial consistent with the views expressed herein.

*Affirmed in part,*
*reversed in part,*
*and remanded.*