**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHNNY EARL ANDERSON,
Plaintiff-Appellant,

v.                                                                  No. 95-1341

RECO TRANSPORTATION, INC.,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-94-472-R)

Argued: March 6, 1996

Decided: May 30, 1996

Before HALL, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Watson Morris, III, MORRIS & MORRIS, P.C.,
Richmond, Virginia, for Appellant. Julia Bougie Judkins, TRICHILO,
BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C., Fairfax,
Virginia, for Appellee. **ON BRIEF:** James W. Walker, MORRIS &
MORRIS, P.C., Richmond, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Johnny Earl Anderson brought this diversity tort action against Reco Transportation, Inc., the employer of a fellow truck-driver with whom Anderson was involved in a traffic accident. The jury returned a verdict for the defendant, and this appeal followed. We affirm.

I.

On February 1, 1990, at 5:45 a.m., several vehicles were traveling south on Interstate 85 in Virginia. The night was clear. Trucker Billie Hendrix was having a conversation with trucker Bruce Guffey on CB Channel 19. She told him of serious fog at mile marker 43. Trucker Anderson also had his CB tuned to Channel 19, but it was turned low because a friend was sleeping in the truck; he did not hear anything about the fog. At mile marker 46, Guffey encountered an incredibly dense fog bank. Witnesses (including one state trooper) testified that it was unlike anything they had ever seen before, that visibility was reduced to only 5-6 feet.

Guffey testified he could not see the fog bank until he was amidst it. He immediately slowed down, and then suddenly came upon the stopped or nearly stopped car of Kevin Richardson. Guffey stopped in time to avoid hitting Richardson, grabbed his CB, and yelled for other people to stop because of the dense fog and the stopped car in the road. Behind Guffey, Norman Hilliard, driving a small pick-up truck, passed Anderson at 65-67 mph. Then he hit the fog. Hilliard hit Guffey, and Anderson hit Hilliard. Anderson suffered severe injuries, and sued Reco Transportation, Inc., Guffey's employer. After trial, the jury returned a verdict for the defendant, and Anderson herein appeals.

2

II.

Appellant Anderson challenges several of the district court's jury instructions.* First, the district court allowed the defendant to argue to the jury that Anderson violated his duty of ordinary care by not listening to his CB. Anderson claims, that, because no statute or regulation required truckers to have a CB or to listen to one, it was reversible error to allow this to go to the jury (and possibly form a basis for contributory negligence). This argument is meritless. Virginia law, which governs in this diversity action, provides that ordinary care is that care a reasonable person would exercise under the circumstances. See Moore v. Virginia Transit Co., 50 S.E.2d 268, 271 (Va. 1948). Defendant argued that plaintiff's conduct fell below this standard, and this is properly an issue for the jury.

Anderson next argues that the district court erred in instructing the jury on sudden emergency. See J.A. at 239-40. Under Virginia caselaw, sudden emergency requires (1) in fact a"sudden emergency," (2) that requires "immediate action, without giving time for the deliberate exercise of judgment," (3) without negligence on the part of the party claiming benefit of the doctrine, and (4) that such party acted with reasonable care in the emergency. Anderson's challenge to the trial court's sudden emergency instruction is more than a little ironic, considering that he himself asked for the same instruction on sudden emergency insofar as it related to his potential contributory negligence. J.A. at 222-23. In making his challenge to the instruction for the defendant, Anderson principally relies on three Virginia cases that, we believe, on closer examination actually support giving the instruction in this case.

The first, Garnot v. Johnson, 387 S.E.2d 473, 476 (Va. 1990), reversed a jury verdict for the defendant where the plaintiff was struck in the rear by defendant, after she stopped in traffic while going though a traffic light. The trial judge had there instructed on

_____

*Reco responds, inter alia, that Anderson did not properly object or submit alternative instructions as required by Fed. R. Civ. P. 51. Because, however, Rule 46 relaxes the requirements of Rule 51 significantly, and because the jury instructions were not erroneous in any event, we do not address this alleged waiver.

3

sudden emergency, but, because stopping was not unforeseeable, given that "a driver knows, or should know, that a car immediately in front of him may stop suddenly." The next sentence, however, continues "[t]herefore, such a stopping, <u>absent evidence of an unforeseen happening</u>, does not constitute an emergency that would invoke the sudden emergency doctrine." <u>Id</u>. (emphasis added). Here, however, there was other evidence -- testimony of an unusually dense fog (unlike one anyone had seen before) that the drivers entered suddenly (even though Guffey knew that there was supposed to be fog, it was not where he was told -- mile marker 46 rather than 43 -- and he arguably was not reasonably able to foresee how serious it was). The other two cases upon which Anderson relies are similarly limited in scope. <u>See Bentley</u> v. <u>Felts</u>, 445 S.E.2d 131, 134 (Va. 1994) (reversing because trial court gave sudden emergency instruction when driver's power brakes failed and he struck plaintiff from behind; because he was "faced only with a loss of power assistance," he should have been able to anticipate such failure, and he "could have stopped the car . . . had he ["simply"] used sufficient force"); <u>Chodorov</u> v. <u>Eley</u>, 391 S.E.2d 68, 69 (Va. 1990) (relying heavily on <u>Garnot</u> and reversing because trial court gave sudden emergency instruction where defendant was "following too closely" and struck the car in front of him when he was "blinded momentarily" by the sun).

Central to this and most of the other issues in this case is foreseeability, and, presumably, the jury determined that the stopped car in the sudden blinding fog was not reasonably foreseeable. <u>Compare Hammett</u> v. <u>Seastrunk</u>, 365 F.2d 232 (4th Cir. 1966), where the court, applying North Carolina law, upheld the trial judge's dismissal of a very similar case, without even allowing the case to be submitted to the jury. There, a number of drivers suddenly encountered an "unusually dense bank of fog," limiting visibility to 10 feet. A multiple-car accident ensued. The trial judge concluded, and the Fourth Circuit affirmed, that

> the collisions were unavoidably accidental and that there was no liability on the defendants or the plaintiff. The judge [found the parties] all equally negligent in failing to see the fog until they were virtually upon it or in it since, in the exercise of due care, the fog could have been seen from some distance away; however, he held that this negligence

4

was not the proximate cause of the collisions since, <u>even if the parties had observed the fog before encountering, they could not reasonably have been expected to foresee or anticipate the danger which it presented</u>.

<u>Id</u>. at 234 (emphasis added). We therefore conclude that the district court did not abuse its discretion in giving the instruction that it did.

In a related argument, Anderson challenges the following jury instruction:

> The driver of a vehicle ordinarily has a duty not to stop his vehicle in such a manner as to impede or render dangerous the use of the highway by others who are using it. This duty does not apply if the driver of a vehicle stops momentarily on the highway in an emergency or in order to avoid a collision.

J.A. at 238. This instruction, however, was a perfectly reasonable paraphrase of the following statute:

> No person shall stop a vehicle in such manner as to impede or render dangerous the use of the highway by others, <u>except in the case of an emergency</u>, <u>an accident</u>, or a mechanical breakdown.

Va. Code. § 46.2-888 (emphasis added).

Finally, Anderson challenges the court's instructions on superseding cause:

> What is a proximate cause? A proximate cause of an accident, injury or damage is a cause which in a natural and continuous sequence produces the accident, injury or damage. It is a cause without which the accident, injury or damage would not have occurred.
>
> A superseding cause is an independent event <u>not reasonably foreseeable</u> that <u>completely</u> breaks the connection between

5

the defendant's negligent act and the plaintiff's injury. A superseding cause breaks the chain of events so that the defendant's original negligent act is not a proximate cause of the plaintiff's injury <u>in the slightest</u> degree.

J.A. at 236-37 (emphasis added).

This instruction tracks the Virginia caselaw essentially verbatim. <u>See</u>, <u>e.g.</u>, <u>Panousos</u> v. <u>Allen</u>, 425 S.E.2d 496, 499 (Va. 1993); <u>Coleman</u> v. <u>Blankenship Oil Corp.</u>, 267 S.E.2d 143, 147 (Va. 1980). Anderson argues that the fog and Richardson's stopped car could not have been superseding causes (as Reco argued) because they pre-ceded Reco's alleged negligence and because they were reasonably foreseeable. Although his argument has some plausibility, we con-clude that the jury instructions, when taken as a whole, were not an abuse of discretion.

<u>CONCLUSION</u>

For the reasons stated herein, we affirm the judgment of the district court.

<u>AFFIRMED</u>

6