# CIRCUIT COURT OF FAIRFAX COUNTY

Victor Stern

v.

Jennifer Alves

## Case No. CL-2004-226644

BY JUDGE MARCUS D. WILLIAMS

November 12, 2005

This matter is before the Court on Plaintiff's Motion to Reconsider. After review and consideration of the briefs in support of, and opposition to, the Motion, the Court finds that the Defendant's objection to the Plaintiff's use of a prior audio-recorded statement was properly sustained and that the sudden emergency jury instruction was properly given to the jury. Accordingly, the Motion to Reconsider is denied.

### *The Defendant's Objection Was Properly Sustained*

The Defendant's objection to the Plaintiff's use of a prior audio-recorded statement was properly sustained. Virginia Code § 8.01-404 states, in pertinent part, that:

> In an action to recover for a personal injury or death by wrongful act or neglect, no ex parte affidavit or statement in writing other than a deposition, after due notice, of a witness and no extrajudicial recording of the voice of such witness, or

reproduction or transcript thereof, as to the facts or circumstances attending the wrongful act or neglect complained of, shall be used to contradict him as a witness in the case.

Va. Code Ann. § 8.01-404 (2005).

In *Gray v. Rhoads*, 268 Va. 81, 597 S.E.2d 93 (2004), the plaintiff's use of the defendants' prior recorded statements as party admissions in his case-in-chief was permitted because the statements were not used to contradict the witnesses. The Court stated:

> At that point in the trial, the Officers would not have been testifying as witnesses nor would they have previously testified. Thus, the statements would not have been used to "contradict" the Officers because they would not yet have been witnesses and might never have been. If the Officers had already testified and, thereafter, the prior audio-recorded statements had been offered as evidence, they would have been properly refused.

*Id*. at 89.

The Plaintiff contends that *Gray* stands for the proposition that where a prior audio-recorded statement is not directly contradictory, it should be permitted. The Plaintiff further argues that the prior audio-recorded statement was not used to contradict the Defendant because the Defendant had not yet testified about the accident and if the Defendant agreed with the prior audio-recorded statement, the prior audio-recorded statement would not be contradictory. However, in *Gray*, the witnesses in question were not on the stand. The Court indicated that if they were on the stand at the time the statement was sought to be admitted, the statements would have been properly excluded as contradictory. *Id*.

In seeking to introduce the prior audio-recorded statement, the Plaintiff intended to contradict the Defendant. Using the prior audio-recorded statement, Plaintiff attempted to have the Defendant testify to traveling at a speed of "about 40 [mph]," asking, "You said in your recorded statement you were probably going about 40 [mph]?" After the objection was sustained, the Defendant testified to "not going any more than 40 [mph]." Trial Transcript, p. 5, lines 16-17, and p. 6, lines 17-19. Despite Plaintiff's claims to the contrary in his brief, testimony of the Defendant's speed was allowed. No evidence concerning the Defendant's speed, other than the prior audio-recorded statement, was excluded as a result of sustaining the objection. Once the Defendant testified about her speed, the only relevance of the prior audio-recorded statement would have been to contradict the Defendant. Virginia Code § 8.01-404 does not permit this.

## The Sudden Emergency Instruction

The sudden emergency doctrine relieves a person of liability if, without prior negligence on his part, that person is confronted with a sudden emergency and acts as an ordinarily prudent person would act under the circumstances. *Velocity Express Mid-Atlantic v. Hugen*, 266 Va. 188, 193, 585 S.E.2d 557 (2003). Ordinarily the question of application of the sudden emergency doctrine is for the triers of fact. *Id.* When evidence is conflicting or different inferences may be drawn from the evidence, it is for the jury to say whether [the operator of the automobile] was confronted with an emergency; whether the emergency, if one existed, was created by [the operator's] own negligence; and whether [the operator of the vehicle] conducted himself as an ordinarily prudent person might have done under the same or similar circumstances. *Id.*

Plaintiff, citing *Garnot v. Johnson*, 239 Va. 81, 86, 387 S.E.2d 473 (1990), argues that stopped traffic cannot constitute an emergency. However, that case and other similar cases involve situations where cars suddenly stopped at *traffic lights. Id.*; *Chodorov v. Eley*, 239 Va. 528, 391 S.E.2d 68 (1990). While traffic suddenly coming to a stop at a traffic light is clearly not a sudden emergency, in the instant case, the parties were not attempting to stop at a traffic light. Rather, the sudden stop occurred in the middle of the open road. The evidence at trial showed that the accident location was not visible to either party before they crested the hill. At the accident site, traffic was stopped for tree work. There were no signs, cones, flagmen, or any other type of warning to indicate to approaching traffic that there was a traffic stop ahead. The instruction is justified as the stop was an unexpected happening. *Jones v. Ford Motor Co.*, 263 Va. 237, 262, 559 S.E.2d 592 (2002) (citing *Gardner v. Phipps*, 250 Va. 256, 260, 462 S.E.2d 91 (1995). The Defendant testified to the fact that she had no time to react and that she had never seen a stop on this road before. Unexpected happenings are emergencies. *Gardner v. Phipps*, 250 Va. 256, 260, 462 S.E.2d 91 (1995) (there could not be an emergency where a condition was foreseeable or known). Where a defendant has no prior experience with, or knowledge of, a dangerous condition, it is an emergency. *Id.*

In the instant case, there is disagreement as to whether or not the accident was caused by Defendant's negligence. Plaintiff contends that the Defendant was driving too fast for the conditions, which was disputed and denied by the Defendant. As such, it was for the jury to determine whether or not there was a "sudden emergency" upon proper instruction by the court. The doctrine of sudden emergency is for the court to decide only where reasonable persons could not disagree on the facts and inferences to be drawn from a defendant's claim of

sudden emergency. *Bentley v. Felts*, 248 Va. 117, 120, 445 S.E.2d 131 (1994) (citing *Thibodeau v. Vandermark*, 234 Va. 15, 18, 360 S.E.2d 171 (1987)). This is not such a case. The question of whether or not there was a sudden emergency was properly left to the jury to decide.

*November 22, 2005*

*Order*

It appearing to the Court that the Motion to Reconsider should be denied for the reasons stated in Judge Williams' letter opinion, it is, therefore, ordered that the Plaintiff's Motion to Reconsider is denied.