# Richmond

AUBREY T. PHILLIPS, III, AN INFANT, ETC. V. SAMUEL S. SCHOOLS.

June 15, 1970.

Record No. 7155.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*W. S. Cudlipp, Jr.*, for plaintiff in error.

*Richard W. Schaffer; A. Scott Anderson (Sands, Anderson, Marks & Clarke,* on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Plaintiff, Aubrey T. Phillips, III, an infant seven years of age, brought this action to recover damages for personal injuries sustained when an automobile driven by the defendant, Samuel S. Schools, collided with a bicycle on which plaintiff was riding as a passenger. A jury trial resulted in a verdict for the defendant, judgment was entered thereon, and plaintiff is here on a writ of error.

Plaintiff contends that the trial court erred in (1) granting instruction No. 9, and (2) refusing to allow his counsel to use defendant's accident report in cross-examining him.

At about 6:30 p.m., on June 21, 1966, plaintiff was riding on the rear fender of a bicycle operated by another young boy in a southeasterly direction on Debbie Lane, in Henrico County. An automobile driven by the defendant northwesterly on Debbie Lane turned left from its line of travel to enter a driveway located on the west side of the road, and collided with the bicycle.

Defendant testified that he did not see the boys before the collision, but heard the impact on the right front door of his car. He stopped his car immediately, and found the two little boys "lying there." On cross-examination the defendant was asked if he had ever made a statement that the car was hit on the fender and he replied, "As far as I know, I didn't. I don't recall making that statement." When plaintiff's counsel attempted to refer to and use the accident report filed by the defendant to further cross-examine defendant, the trial court sustained the objection of defendant's counsel.

Plaintiff first says that there is no provision in the Motor Vehicle Code which supports instruction No. 9. The instruction reads as follows:

"The Court instructs the jury that the riding of more than one on a bicycle is prohibited unless the bicycle is designed to carry more than one person, in which event a passenger may ride upon the permanent and regular seat if designed for two persons.

"If you find that the plaintiff, Aubrey Phillips, III, was capable of negligence as defined in another instruction, and if you believe from a preponderance of the evidence that he failed to exercise ordinary care in the performance of the foregoing duty, then he was negligent. And if you further find that any such negligence of the plaintiff was the sole proximate cause, or efficiently contributed to cause the accident, then you shall find your verdict in favor of the defendant, Samuel S. Schools."

Defendant says that the first paragraph of the instruction was based upon the law as contained in §§ 46.1-171 and 46.1-172, Code of 1950, 1967 Repl. Vol., and that the provisions of the first of these sections bring the plaintiff within the scope of the provisions of the second. The two sections are as follows:

"§ 46.1-171. *Persons riding bicycles or riding or driving animals subject to traffic regulations.*—Every person riding a bicycle or animal upon a roadway and every person driving any animal thereon shall be subject to the provisions of this chapter applicable to the driver of a vehicle, unless the context of the provision clearly indicates otherwise."

"§ 46.1-172. *Riding upon or operating motorcycles.*—A person operating a motorcycle shall ride only upon the permanent and regular seat attached to the motorcycle, and such operator shall not carry any other person, and no other person shall ride on a motorcycle unless such motorcycle is designed to carry more than one person, in which event a passenger may ride upon the permanent and regular seat if designed for two persons, or upon another seat firmly attached to the rear or side of the seat for the operator. Any person who violates this section shall be guilty of a misdemeanor and shall be punished as provided in § 19-265 [§ 18.1-9]."

The evident purpose and intent of Code § 46.1-171, insofar as applicable to the present case, is to impose upon the person controlling the operation of a bicycle the provisions of the Motor Vehicle Code applicable to a person controlling the operation of a motor vehicle. The language "Every person riding a bicycle" refers to the person who controls its operation by pedalling and by steering with the handlebars. Thus § 46.1-171 was not intended to impose the duties of a driver of a vehicle upon one who rides on a bicycle as a passenger and who has no control over its operation.

Code § 46.1-172 requires the operator of a motorcycle to ride only upon a regular seat attached to the motorcycle, and further provides that no other person shall ride on a motorcycle unless it is designed for carrying a passenger. There is no language in Code § 46.1-171 which brings a person riding as a passenger on a bicycle within the provisions of Code § 46.1-172.

The history of the two statutes throws light on the intention of the legislature. Section 46.1-171 (formerly § 2154 (98) Michie's Code of 1942) was enacted by Acts of 1932, Ch. 342, p. 613, at 646. Section 46.1-172 (formerly §§ 46-183.5 and 46-183.6, Code of 1950, as amended) was enacted by Acts of 1954, Ch. 204, p. 231, some twenty-two years after what is now § 46.1-171 was first enacted. It is clear that there were no legal restrictions on the number of persons

who could ride on a bicycle prior to 1954, and if the General Assembly, in enacting § 46.1-172, had intended to impose such restrictions on a person riding as a passenger on a bicycle as it did on a passenger riding a motorcycle it could easily have done so by merely adding the words "or bicycle" after the word "motorcycle" wherever it appears in the statute.

We hold that instruction No. 9, which told the jury that the riding of more than one person on a bicycle is prohibited unless it is designed to carry more than one person, is not a correct statement of the law and constitutes reversible error.

Plaintiff next says that the trial court erred in not permitting his counsel to make use of defendant's report of the accident in cross-examining him.

Defendant filed a report of the accident with the Division of Motor Vehicles as required by § 46.1-400, Code of 1950, 1967 Repl. Vol. This section provides that such reports are made without prejudice and are for the confidential use of the Division of Motor Vehicles for accident prevention purposes, with certain exceptions not material here. Code § 46.1-407, 1967 Repl. Vol., specifically prohibits the use of the report as evidence in a civil or criminal trial arising out of the accident, with certain exceptions not applicable here.

When defendant testified on cross-examination that he did not recall ever making a statement that his car was hit on the fender, counsel for plaintiff stated that he wanted to "use the report in questioning the witness, making specific reference to it, giving him [defendant] an opportunity to affirm or deny that he had made such a statement in the report." Plaintiff's counsel concedes that had he been permitted to use the report to cross-examine the defendant, and if the defendant denied that he made the statement, the accident report could not have been introduced in evidence. But he argues that he should have been permitted to use the report to cross-examine the defendant relative to the statement contained therein.

Here the plaintiff's attorney sought to make specific reference to the existence of the report and a statement therein on cross-examination of the defendant. The privilege granted to one making an accident report extends to the report itself, under the provisions of the statute. But to have permitted plaintiff's counsel to make specific reference to the report in the presence of the jury, and to read defendant's statement therein for the purpose of contradicting him, would have in effect accomplished indirectly what Code § 46.1-407

forbids to be done directly. Even in *Krizak* v. *W. C. Brooks & Sons, Inc.*, 320 F. 2d 37 (4th Cir., 1963), strongly relied on by plaintiff's attorney in support of his position, the court concluded that the party making an accident report might be cross-examined on the contents thereof, but "in order to fully carry out the purpose of the privilege, no mention of the existence of the report as such may be made." 320 F.2d at 45. The fact that defendant testified differently from what the report showed as to how the accident occurred did not give plaintiff the right to use the report in a way that would have nullified the provisions of the statute. Hence we hold that the ruling of the trial court was correct.

Since instruction No. 9 contained an incorrect statement of the law, the judgment is set aside and the case is

*Reversed and remanded.*