### 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## HENRY DAVIS, JR. v. JOSEPH F. COLGIN

June 9, 1978

Record No. 761659

Present: All the Justices.

*Walter H. Emroch* for plaintiff in error.

*Lanier Thurmond (Thurmond, Bostwick & Glass,* on brief) for defendant in error.

PER CURIAM.

Henry Davis, Jr., seeks a new trial upon the ground that the lower court committed error in permitting counsel for Joseph F. Colgin to cross-examine the investigating officer regarding the contents of an automobile accident report filed by the officer with the Division of Motor Vehicles.

The case arose out of a collision between a motorcycle operated by Davis and a Ford automobile operated by Colgin. The primary

question was which of the two drivers was on the wrong side of the road at the time. The jury found its verdict in favor of Colgin on Davis' claim against him, and in favor of Davis on Colgin's counterclaim against Davis. The trial court entered judgment on the jury's verdict.

Henrico County Police Officer D.A. Meyer arrived at the scene of the accident shortly after it occurred, made his investigation and interviewed the drivers of the respective vehicles. The officer filed with the Division of Motor Vehicles his report of the accident, commonly designated as SR300. Meyer testified at the first trial of the case from notes he made at the time of the accident and recorded in "a little book". Between the first trial, at which Davis took a nonsuit, and the second trial, under review here, Meyer misplaced this notebook. To "refresh" the officer's memory, counsel for Davis furnished him with a copy of Meyer's accident report which counsel had obtained from DMV. The officer was questioned on direct examination by Davis' attorney regarding the accident, the photographs, the marks on the highway and the position of the vehicles after the accident.

On cross-examination of Meyer, Colgin's counsel sought to determine how the officer had refreshed his recollection of the details of the accident and of the contents of his misplaced notebook. Without objection from Davis' attorney, Meyer testified: "I have reviewed the SR300 that I filed in the accident and I have reviewed the photographs." The following exchange then occurred:

"Q. What is the SR300 that you refreshed your recollection from, sir? What do you put on it. Is it the facts of this accident?

"A. At the time that I made out this SR300, I put vehicle one, which is Mr. Davis' vehicle, which was on Whiteside road on the wrong side. Vehicle two was Mr. Colgin's car. Vehicle one struck vehicle two into the side.

"Q. Read that again so that the ladies and gentlemen of the jury will hear it.

"MR. EMROCH: As I understand it, you don't cross-examine anyone on a DMV report.

"THE COURT: No. But the witness stated that is what he relied on. He is not cross-examining him on a report. He is just cross-examining him on the basis of his recollection, I gather,

to determine whether the testimony was the same now as it was before.

"MR. EMROCH: I understand, sir.

"THE COURT: I overrule the objection on that basis."

██ Every law enforcement officer who, in the course of duty investigates a motor vehicle accident of which a report must be made, is required to forward a written report of the accident to the Division of Motor Vehicles. Code §46.1-401. Such report is made for the confidential use of the Division and of other state agencies for accident prevention purposes and shall not be used as evidence in any trial, civil or criminal, arising out of any accident. Code §46.1-409.

The above sections, and §§46.1-407 and 46.1-408 of the Code, have been the subject of several cases before this Court. *Phillips* v. *Schools*, 211 Va. 19, 175 S.E.2d 279 (1970); *Lee* v. *Artis*, 205 Va. 343, 136 S.E.2d 868 (1964); and *Moore* v. *Warren*, 203 Va. 117, 122 S.E.2d 879 (1961). *See also Kirzak* v. *W.C. Brooks & Sons, Incorporated*, 320 F.2d 37, 44 (4th Cir. 1963).

The rationale of the statute is that the report, although routinely and sometimes hurriedly made, primarily for statistical purposes, nevertheless carries with it the stamp of a written and official document to which a jury could attach more weight than it is properly due. In *Phillips* v. *Schools, supra,* we said:

"Here the plaintiff's attorney sought to make specific reference to the existence of the report and a statement therein on cross-examination of the defendant. The privilege granted to one making an accident report extends to the report itself, under the provisions of the statute. But to have permitted plaintiff's counsel to make specific reference to the report in the presence of the jury, and to read defendant's statement therein for the purpose of contradicting him, would have in effect accomplished indirectly what Code §46.1-407 forbids to be done directly. Even in *Kirzak* v. *W. C. Brooks & Sons, Inc.*, 320 F.2d 37 (4th Cir., 1963), strongly relied on by plaintiff's attorney in support of his position, the court concluded that the party making an accident report might be cross-examined on the contents thereof, but 'in order to fully carry out the purpose of the privilege, no mention of the existence of the report as such may be made.' 320 F.2d at 45. The fact that defendant testified differently from what the report showed as to how the accident

occurred did not give plaintiff the right to use the report in a way that would have nullified the provisions of the statute. . . ." 211 Va. at 22-23, 175 S.E.2d at 281-82.

While Officer Meyer's report was never introduced in evidence in the case under review, no reference thereto should have been made or permitted by either party or their counsel. We cannot say that the testimony given by the officer concerning his report was not prejudicial to appellant, or that it was harmless error.

Accordingly, the judgment of the lower court is reversed, and the case is remanded for a new trial.

*Reversed and remanded.*