TERRY LEE WALTER

v.

COMMONWEALTH OF VIRGINIA

No. 0039-88-4

Decided August 1, 1989

COUNSEL

Thomas O. Murphy, for appellant.

M. Katharine Spong, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief) for appellee.

OPINION

DUFF, J.—Terry Lee Walter seeks reversal of his conviction of driving under the influence of alcohol. He raises the following points on appeal: (1) whether his admissions to the investigating police officer that he was a driver of one of the vehicles involved in an accident and that the accident had occurred "ten minutes" earlier were inadmissible in his criminal trial; (2) whether his arrest was invalid because the officer failed to bring him before a magistrate in the jurisdiction where the arrest was made; and (3) whether the results of the blood test were inadmissible because the evidence was insufficient to show that he was legally arrested within two hours of the offense. Upon our review of the record, briefs, authorities cited and our consideration of the arguments presented, we affirm Walter's conviction.

On appeal we view the facts in the light most favorable to the prevailing party, the Commonwealth. When so viewed, the record shows that at about 8:48 p.m. on May 9, 1987, Walter was involved in a two vehicle accident on northbound Interstate 95 in Stafford County. When Trooper Dan Redifer arrived at the scene at 8:55 p.m., he saw a "Peterbilt tractor trailer," driven by a Mr. Hysler, sitting on the right shoulder and a 1975 Buick Sedan, with the defendant behind the steering wheel, sitting on the left shoulder of the road. No other people were present at the scene. The skid marks left on the pavement indicated that the defendant's car struck the tractor trailer.

In response to Trooper Redifer's questions, the defendant stated that he was the driver of the Buick, that the accident had occurred "ten minutes ago," and that he had not had anything to drink since the accident.

The defendant's breath had a strong odor of alcoholic beverage, he was unsteady on his feet and swayed, his speech was slurred, his eyes were red and glassy and his pupils were dilated. Walter had minor scratches on his arm and head.

The Stafford County Rescue Squad transported the defendant to Mary Washington Hospital in Fredericksburg, a city adjacent to Stafford County. Redifer arrived at the hospital at about 9:45 p.m. and arrested Walter at 10:10 p.m. After being properly advised of the implied consent law, the defendant chose to submit to a blood test. The test results showed a blood-alcohol content of .18 percent. After the blood test was completed, Walter was released from the hospital.

Redifer took the defendant to the Stafford County magistrate's office to obtain an arrest warrant. Redifer noted that Walter was still unsteady on his feet, had difficulty speaking, had red eyes, and that his breath still smelled of alcohol.

I.

Walter claims that Officer Redifer should not have been permitted to testify as to his statements made at the scene of the accident. He contends that the admissions were protected by the use immunity provisions of Code § 46.1-409.[1] We disagree.

The statute provides that "[no] such report shall be used as evidence in any trial, civil or criminal, arising out of an accident. . . ." The difficulty with Walter's argument is that no report was introduced or even mentioned in the evidence. The oral admissions made by Walter were introduced through the testimony of the arresting officer. Code § 46.1-409 merely prohibits

---

[1] All accident reports made by investigating officers shall be for the confidential use of the Department and of other state agencies for accident prevention purposes and shall not be used as evidence in any trial, civil or criminal, arising out of any accident. The Department shall disclose from the reports, upon request of any person, the date, time and location of the accident and the names and addresses of the drivers, the owners of the vehicles involved, the injured persons, the witnesses and one investigating officer.

the admission of the written report. The Supreme Court has made a clear distinction between the admissibility of statements contained in such a report and the report itself. *Moore v. Warren*, 203 Va. 117, 124, 122 S.E.2d 879, 885 (1961). *See Krizak v. W.C. Brooks & Sons, Inc.*, 320 F.2d 37, 44 (4th Cir. 1963). In *Moore* the court refused to allow the statutory exclusion to bar admission of statements or diagrams not a part of the accident report, although they were exact duplicates of those submitted in the report.

■ Walter's responses to the officer's questions at the scene of the accident were admissions made during the investigatory stages of the accident. His contention that he was required by Code § 46.1-399[2] to furnish the information is not supported by an examination of the statute. It requires the driver of any vehicle involved in an accident resulting in injury or death to give "notice of the accident" to law enforcement officials by the quickest means of communication.[3] The driver is not required to admit operation of the vehicle or to furnish any information as to the time that the accident occurred. Thus, we hold that Walter's statements to the officer were admissible into evidence.

## II.

The record shows that the accident occurred in Stafford County. Walter was taken directly from the scene to a Fredericksburg hospital. He was arrested at the hospital. Upon his release, Officer Redifer took the accused to a Stafford County magistrate and obtained a warrant. Walter claims that his arrest was invalid because Code § 52-21 required the officer to take him before a City of Fredericksburg magistrate, as the warrantless arrest occurred in Fredericksburg. The defendant's reliance on Code § 52-21 is misplaced.

---

[2] The driver of any vehicle involved in any accident resulting in injury to or death of any person or some person acting for him shall immediately by the quickest means of communication give notice of the accident to a state trooper, sheriff or other police official or to the local police department when the accident occurs within a municipality. A willful failure to make the report required in this section shall constitute a misdemeanor and be punishable under Code § 46.1-16.01.

[3] Code § 46.1-176, commonly referred to as the "Hit and Run statute" does require the driver to furnish his name, address, driver's license number and the registration number of his vehicle. However, from the facts in the record, this statute is not involved.

Code § 52-21[4] explains the procedures to be used after a warrantless arrest is made pursuant to Code § 52-20.[5] Code § 52-20 gives the State Police authority to arrest a person at the scene of an accident without a warrant when certain conditions are met. It confers no authority to make an arrest after a suspect has been transported to the hospital. We hold that Code § 52-21 is not applicable under the facts of this case.

█ We further hold that the warrantless arrest at the hospital following the accident was made pursuant to Code § 19.2-81. Walter concedes that this section empowered Officer Redifer to make the arrest at the hospital. Code § 19.2-82, not Code § 52-21, governs the procedures upon an arrest made without a warrant under Code § 19.2-81. Code § 19.2-82 provides that a "person arrested without a warrant shall be brought forthwith before a magistrate." There is no requirement that the magistrate be located in the jurisdiction of the arrest. Officer Redifer complied with the statute and brought Walter before a magistrate "forthwith" upon his release from the hospital. For these reasons, we find no infirmity in the defendant's arrest.

---

[4] § 52-21. *Procedure after arrest without warrant.* Except in the case of a violation of a provision of Title 46.1, in which case the officer making the arrest shall proceed as provided in § 46.1-178, the officer making the arrest shall forthwith bring the person so arrested before an officer authorized to issue criminal warrants in the county or city where the arrest is made. The officer before whom such person is brought shall proceed to examine the officer making the arrest. If the officer before whom such person is brought has reasonable grounds upon which to believe that a criminal offense has been committed, and that the person arrested has committed such offense, he shall issue such a warrant as might have been issued prior to the arrest of such person under the provisions of § 19.2-72. If such a warrant is issued the case shall thereafter be disposed of in like manner as though the warrant had been issued prior to the arrest. If such a warrant be not issued the person so arrested shall be released.

[5] § 52-20. *Arrests without warrants in certain cases.* Members of the State Police force of the Commonwealth, provided such officers are in uniform, or displaying a badge of office, may, at the scene of any motor vehicle accident, or in the apprehension of any person charged with the theft of any motor vehicle, on any of the highways of the Commonwealth, upon reasonable grounds to believe, based upon personal investigation, including information obtained from eyewitnesses, that a crime has been committed by any person then and there present, apprehend such person without a warrant of arrest;. . .

Code § 46.1-178 provides a procedure for release on a summons and a promise to appear by a defendant accused of violating a provision of Title 46.1, Code of Virginia. Its provisions do not affect the issue raised in this appeal.

## III.

Finally, Walter argues that the results of the blood test were inadmissible, as there was insufficient evidence to show that he was arrested within two hours after the offense. *See* Code § 18.2-268(B). However, the record shows that the accident occurred at 8:48 p.m. Officer Redifer testified that he arrested the defendant at 10:10 p.m., within the two hour time period prescribed by the statute. Consequently, the blood test results were properly admitted.

For these reasons, the conviction appealed from is

*Affirmed.*

Barrow, J., and Keenan, J., concurred.