JEANNETTE ANNE GALBRAITH

v.

JEFFREY FRED FLEMING, ET AL.

Record No. 920642

February 26, 1993

Present: All the Justices

*Robert A. Rapaport (Knight, Dudley, Dezern & Clarke*, on brief), for appellant.

*Gary M. Mims (Brault, Palmer, Grove, Zimmerman, White & Mims*, on brief), for appellees.

JUSTICE STEPHENSON delivered the opinion of the Court.

The two issues in this appeal are whether the trial court erred in (1) admitting into evidence a diagram contained in an official police report, and (2) instructing the jury on the theory of unavoidable accident.

Jeannette Anne Galbraith sued Jeffrey Fred Fleming and his employer, Alamo Rent-A-Car, Inc., to recover damages for personal injuries she sustained in a collision between the car she was driving and Fleming's vehicle. Galbraith claims that her injuries were proximately caused by Fleming's negligence. Fleming denies the claim and alleges that Galbraith was guilty of contributory negligence. A jury returned a verdict in favor of Fleming, and the trial court approved the verdict. Galbraith appeals.

The accident occurred on October 29, 1988, about 3:15 p.m., on a hotel parking lot in the City of Norfolk. Immediately preceding the collision, Galbraith was backing her vehicle out of a parking space, and Fleming was proceeding through the lot.

Galbraith and Fleming presented two distinct versions of the collision. Galbraith presented evidence that Fleming was travelling at an excessive rate of speed and was not looking ahead. Fleming denied that he was speeding or failing to keep a proper lookout. He presented evidence that Galbraith suddenly backed into the path of his oncoming vehicle before he had any opportunity to see her vehicle or to avoid the collision.

Galbraith is a trooper with the Virginia State Police, and her superior directed her to prepare a State Police report of the accident. Galbraith prepared the report, which included a diagram of the accident, and signed the report as investigating officer. Over Galbraith's objection, the trial court admitted the diagram into evidence. The

jury, however, was not informed that the diagram was a part of the report.

Galbraith contended at trial, as she does on appeal, that Code § 46.2-379 (formerly, Code § 46.1-409) precludes the admission of the diagram into evidence. Fleming contends, on the other hand, that the diagram properly was admitted into evidence because it was prepared by a party litigant and its source was not revealed to the jury.

█ Code § 46.2-379 provides, in pertinent part, that "[a]ll accident reports made by investigating officers shall be for the confidential use of the Department [of Motor Vehicles] and of other state agencies for accident prevention purposes and shall not be used as evidence in any trial, civil or criminal." In *Davis* v. *Colgin*, 219 Va. 5, 7, 244 S.E.2d 750, 751 (1978), we explained that "[t]he rationale of the statute is that the report, although routinely and sometimes hurriedly made, primarily for statistical purposes, nevertheless carries with it the stamp of a written and official document to which a jury could attach more weight than it is properly due."

In *Davis*, a police officer was allowed to testify by referring to a copy of an accident report. *Id.* at 6-7, 244 S.E.2d at 750-51. Although the report itself was not introduced into evidence, we held that the trial court committed reversible error in permitting a reference to the report by either party litigant or their counsel. *Id.* at 8, 244 S.E.2d at 751-52; *accord Phillips* v. *Schools*, 211 Va. 19, 22-23, 175 S.E.2d 279, 281-82 (1970); *Oliphant* v. *Snyder*, 206 Va. 932, 936, 147 S.E.2d 122, 126 (1966); *Lee* v. *Artis*, 205 Va. 343, 345-46, 136 S.E.2d 868, 870 (1964).

█ Code § 46.2-379 could not be more clear. An accident report made by an investigating officer "shall not be used as evidence in any trial, civil or criminal." Galbraith, although a litigant, also was the investigating officer, and the diagram was a part of the accident report. We hold, therefore, that the trial court erred in admitting it into evidence.

Galbraith also contends that the trial court erred in granting a jury instruction on unavoidable accident. The instruction reads as follows:

An unavoidable accident is one which ordinary care and diligence could not have prevented or one which occurred in the absence of negligence by any party to this action.

■ We have recognized that few automobile accidents occur without fault. *Bickley* v. *Farmer*, 215 Va. 484, 488, 211 S.E.2d 66, 69 (1975). Moreover, it is firmly established that, in automobile accident cases, it is rarely permissible to give an instruction on unavoidable accident. *Marshall* v. *Goughnour*, 221 Va. 265, 269, 269 S.E.2d 801, 804 (1980). Indeed, the instruction should not be given ''[u]nless the evidence supports a reasonable theory that the accident could have occurred notwithstanding the exercise of due care by the parties involved.'' *Id.* at 270, 269 S.E.2d at 804; *accord Bickley*, 215 Va. at 488, 211 S.E.2d at 70; *Batts* v. *Capps*, 213 Va. 174, 175-76, 191 S.E.2d 227, 228 (1972).

■ In the present case, the evidence does not support a reasonable theory that the accident could have occurred without the fault of either operator. Clearly, the collision was caused by the negligence of one or both of the parties. With the evidence in such sharp conflict, the instruction may have given the jury '' 'an easy way of avoiding instead of deciding the issue made by the evidence in the case.' '' *Damron* v. *Hagy*, 220 Va. 455, 457, 258 S.E.2d 517, 518 (1979) (quoting *Mawyer* v. *Thomas*, 199 Va. 897, 901, 103 S.E.2d 217, 220 (1958)). We hold, therefore, that the trial court erred in granting the instruction.

Accordingly, we will reverse and vacate the trial court's judgment and remand the case for a new trial consistent with the views expressed herein.

*Reversed and remanded.*