Present:  All the Justices

LOIS EVONE CHERRY

v.  Record No. 951876    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                   September 13, 1996
D.S. NASH CONSTRUCTION
COMPANY

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
H. Selwyn Smith, Judge Designate


In this appeal, we consider the admissibility of (1) a state trooper's field notes made during his investigation of a motor vehicle accident, and (2) a report made by the Virginia Department of Transportation (VDOT) evaluating a contractor's performance of a highway construction contract.

On October 9, 1991, a vehicle driven by Lois E. Cherry collided "head-on" with a pickup truck driven by Larry W. Nash, a project superintendent for D.S. Nash Construction Company (Nash Construction).  The accident occurred in Campbell County on Route 501 near its intersection with Route 670.  At the time of the accident, Nash Construction was under contract with VDOT to build two new lanes of Route 501 parallel to the existing two lanes.

Cherry filed a motion for judgment alleging both gross and ordinary negligence against Nash Construction for failing to warn drivers of the change in the traffic pattern when it opened the two new highway lanes.  Cherry contended that Nash Construction failed to remove construction barrels, which were erected along the "crossover" area of the median strip at the intersection of Routes 501 and 670 (the intersection), when the new lanes were opened to traffic.  She asserted that the absence of this and other safety measures caused her to conclude that the new portion

of the roadway was not open for traffic, and that traffic in both directions was proceeding on the original portion of the roadway. Cherry sustained severe injuries as a result of the collision.

At trial, the evidence showed that during the afternoon hours of October 8, 1991, VDOT and Nash Construction opened the two new lanes of Route 501 to northbound traffic and made both the original lanes open to southbound traffic. Larry Nash was the project superintendent who directed all aspects of the construction, including project safety. He testified that Nash Construction was responsible for removing the construction barrels when the new traffic lanes were opened.

The parties presented conflicting evidence on the issue whether Nash Construction removed the construction barrels from the median crossover before the accident happened. The evidence also was conflicting on the issue whether "wrong way" and "do not enter" signs were placed on the original roadway several days before the traffic pattern actually changed, causing motorists to disregard the signs.

Cherry attempted to introduce in evidence a statement contained in the field notes made by State Trooper Colin E. Davidson at the accident scene. The statement, purportedly made by State Trooper C. Bruce Stauffer, was recorded by Trooper Davidson as follows: "Do Not Enter [and] Wrong Way signs put up over two weeks prior to road being opened (per Bruce Stauffer)." Trooper Stauffer testified by deposition that he could not

remember when the signs were erected, but stated that he had been familiar with the condition of Route 501 during the construction period. The trial court ruled that, under Code § 46.2-379, the field notes were inadmissible because they were incorporated into the accident report that Trooper Davidson prepared and filed with the Department of Motor Vehicles (DMV).

During the testimony of Vester Clifton, a VDOT construction inspector, Nash Construction offered in evidence a VDOT "Contractor's Past Performance Report," which Clifton had prepared. The report included Clifton's assessment of Nash Construction's attitude and cooperation, equipment, organization and management, and use of "disadvantaged/women" business enterprises. The report also noted that Nash Construction had not been cited for any safety violations over the course of the entire 18-month project.

Cherry objected to the admission of Clifton's report on the grounds that it was irrelevant and constituted prejudicial "good character" evidence. The trial court overruled the objection and admitted the report in evidence.

The trial court struck the gross negligence claim and instructed the jury on ordinary negligence. The jury returned a verdict in favor of Nash Construction, and the trial court confirmed the verdict. This appeal followed.

Cherry first argues that the trial court erred in admitting in evidence the VDOT report prepared by Clifton. Cherry asserts

that the VDOT report contained impermissible evidence of collateral facts purporting to show that Nash Construction was not negligent on other occasions.

In response, Nash Construction asserts that the information in the report concerning its safety record was relevant to the claims of both gross and ordinary negligence. Nash Construction also contends that the report was admissible because it provided circumstantial evidence corroborating other testimony that the barrels had been removed from the construction site on the day before the accident occurred. We disagree with Nash Construction.

In a negligence action, evidence is inadmissible to show that a defendant was not negligent on other occasions or was in the habit of conducting itself in a safe and careful manner. Jackson v. Chesapeake & Ohio Ry., 179 Va. 642, 648, 20 S.E.2d 489, 491 (1942). This rule is designed to ensure that evidence is relevant to the issues presented, namely, whether the defendant was negligent at the time of the acts complained of and whether any such negligence was a proximate cause of the plaintiff's injury. See Jackson at 649, 20 S.E.2d at 492. Evidence of collateral facts, from which no fair inferences can be drawn, tends to divert the jury from the issues before the court, to mislead the jury, and to excite prejudice. See Spurlin v. Richardson, 203 Va. 984, 990, 128 S.E.2d 273, 278 (1962).

Here, the VDOT report was irrelevant to the issue whether

- 4 -

Nash Construction was negligent on the date the accident occurred. Nash Construction's overall performance record, as well as the fact that it had not been cited by VDOT for safety violations on the job, had no probative value regarding the question whether Nash Construction had removed the barrels prior to the accident, or whether Nash Construction should have used flagpersons to direct traffic or taken other safety measures on the date of the accident. The admission of the report was also prejudicial because it invited the jury to speculate and to conclude improperly that Nash Construction could not have been negligent in this case, because it was not cited for any safety violations over the 18-month duration of the project.

Cherry next argues that the trial court erred in refusing to allow Trooper Davidson to testify about the statement in his field notes attributed to Trooper Stauffer. Cherry contends that Code § 46.2-379 only bars use of the actual accident report filed with the DMV, not the investigating officer's field notes made at the accident scene.

In response, Nash Construction asserts that Trooper Davidson's field notes were inadmissible, because they were incorporated into the DMV accident report and became a part of the report within the meaning of Code § 46.2-379. We disagree with Nash Construction.

Code § 46.2-379 provides, in relevant part, that "[a]ll [motor vehicle] accident reports made by investigating officers

. . . shall not be used as evidence in any trial, civil or criminal, arising out of any accident."  This statute prohibits any such use of the report itself, but does not proscribe the use of otherwise admissible evidence contained in the report as long as the report itself, or a portion thereof, is not the evidence sought to be admitted.  See Moore v. Warren, 203 Va. 117, 124, 122 S.E.2d 879, 885 (1961).

In Moore, we held that admission of a diagram made by the investigating officer at the scene of a motor vehicle accident was not barred by the predecessor statute to Code § 46.2-379, even though the diagram was identical to the one filed in the officer's official accident report.  Id.  By contrast, in Galbraith v. Fleming, 245 Va. 173, 174-75, 427 S.E.2d 187, 188 (1993), we held inadmissible a portion of an accident report, which contained a diagram of the accident made by the investigating officer, although the jury was not informed that the exhibit was part of the actual report.

The rationale underlying this distinction is plain.  Code § 46.2-379 bars any use of the accident report itself because there is a danger that the jury could attach more weight to it, as an official report, than is properly due.  Davis v. Colgin, 219 Va. 5, 7, 244 S.E.2d 750, 751 (1978).  To prevent such improper assessment, no portion of the actual report will be admitted, even though any references to its official nature have been deleted.

Here, Cherry did not offer in evidence a portion of the report itself. Rather, she sought to introduce in evidence the statement recorded by Trooper Davidson in his field notes. Thus, admission of the statement was not barred by Code § 46.2-379, even though the statement later appeared in the accident report.[1] See Moore, 203 Va. at 124, 122 S.E.2d at 885.

For these reasons, we will reverse the trial court's judgment and remand the case for a new trial consistent with the principles expressed in this opinion.

Reversed and remanded.

---

[1] We do not consider the issue whether the statement was admissible under the past recollection recorded exception to the hearsay rule, because the trial court did not rule on this question.