*314 JUSTICE KINSER,
concurring.
I concur in the result reached by the majority but for different reasons. In prior cases, this Court has not clearly articulated a distinction between “general” and “specific” habit evidence, or discussed whether different rules apply when determining the admissibility of each type of habit evidence. However, we have, on occasions, upheld the admissibility of “specific” habit evidence. See Washington, A. and Mt. V. Ry. Co. v. Trimyer, 110 Va. 856, 67 S.E. 531 (1910); Alexandria & F.R. Co. v. Herndon, 87 Va. 193, 12 S.E. 289 (1890).
The majority states that this Court’s reasoning in Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 20 S.E.2d 489 (1942), represented a departure from the decisions in Trimyer and Herndon. But in Jackson, we concluded that the facts of that case did “not bring it within any of the exceptions to the general rule” that evidence of an individual’s general habits is not admissible for the purpose of establishing that individual’s conduct on a specific occasion. Id. at 649, 20 S.E.2d at 492. I believe this Court’s decisions in Trimyer, Herndon, Norfolk & W. Ry. Co. v. Thomas, 110 Va. 622, 66 S.E. 817 (1910), and Kimball v. Borden, 95 Va. 203, 28 S.E. 207 (1897), all of which were discussed in Jackson, represent the “exceptions to the general rule.” Jackson, 179 Va. at 649, 20 S.E.2d at 492. Thus, I do not agree that the decision in Jackson signified a shift from the Court’s earlier rulings. Rather, Jackson re-stated the rule regarding “general” habit evidence. Id. It did not overrule Trimyer or Herndon, nor does the majority decision today do so.
Additionally, the more recent case of Cherry v. D.S. Nash Constr. Co., 252 Va. 241, 475 S.E.2d 794 (1996), involved only “general” habit evidence although the Court did not classify the challenged evidence as “general” or “specific.” Instead, the Court merely concluded that “Nash Construction’s overall performance record, as well as the fact that it had not been cited ... for safety violations on the job, had no probative value regarding” what action Nash Construction took or should have taken on the day of the accident. Id. at 245, 475 S.E.2d at 797.
Regardless of the status of the Commonwealth’s jurisprudence regarding “specific” and “general” habit evidence and the import of the decision in Jackson, I believe that the trial court erred by admitting the evidence at issue in this appeal because the defendants did not establish a proper foundation. According to the testimony of Dr. *315 Girish Purohit, Debora S. Hurt, and Courtney Gates, they occasionally had patients who experienced chest pain after completing all the cardiac tests and changing into their own clothes. However, Dr. Purohit, Hurt, and Gates admitted that such occurrences were infrequent. In other words, episodes, like the one allegedly experienced by Pearl V. Vaughan, were not numerous or regular events. Thus, I conclude that the defendants failed to prove a routine practice or procedure regularly utilized in response to a repeated specific situation from which an inference of habitual conduct could be drawn.
For these reasons, I respectfully concur.