## CIRCUIT COURT OF THE CITY OF NORFOLK

Marvin Staton

v.

Linda H. King
and Randolph C. Gore

Case No. (Law) L01-783

John Wildermuth

v.

Sarah Davenport et al.

Case No. (Law) L03-595

September 5, 2003

BY JUDGE CHARLES E. POSTON

Today the Court denies two motions in limine, one brought by Petitioner Linda H. King in Civil Docket No. CL01-783, and the other by Petitioner John Wildermuth in Civil Docket No. CL03-595.[1] Each motion seeks to

---

[1] The Court was advised just prior to the issuance of this opinion that the parties in *Wildermuth v. Davenport* have settled their dispute.

prohibit the investigating police officer from using a Department of Motor Vehicle accident report[2] in testifying as a past recollection recorded.

The identical issue has arisen in these two cases simultaneously. In both instances, the Respondents placed the investigating officer on the stand and sought to elicit testimony about his investigation of the respective accident scenes. Specifically, each Petitioner made a statement to the investigating officer that tends to show some degree of liability. In both instances, the only available means for the investigating officer to refresh his memory of the statements was the accident report that the officer filed with the Department of Motor Vehicles. The accident report in each case was made shortly after the accident when the officers had a clear and accurate memory of the accidents they investigated. In neither case was the officer's memory successfully refreshed after being showed the accident report on the stand.

Virginia Code § 46.2-379 states that "accident reports made by investigating officers ... shall not be used as evidence in any trial, civil or criminal, arising out of any accident." The Supreme Court of Virginia has articulated that "the rationale of the statute is that the report, although routinely and sometimes hurriedly made ... nevertheless carries with it the stamp of a written and official document to which a jury could attach more weight than it is properly due." *Acuar v. Letourneau*, 260 Va. 180, 186 (2000) (numerous references to the accident report could not be said to be harmless; thus reversed and remanded) (*quoting Davis v. Colgin*, 219 Va. 5, 7 (1978)). See also *Phillips v. Schools*, 211 Va. 19 (1970); *Galbraith v. Fleming*, 245 Va. 173 (1993) (absolute prohibition against admitting the accident report into evidence, even as here, where it was filed by the police officer who was also a party litigant); and *Cherry v. D. S. Nash Constr. Co.*, 252 Va. 241 (1996).

Virginia Code § 46.2-379 evidently intended that the refreshment of a testifying officer's memory be accomplished through the use of his or her handwritten notes used to compose the accident report and not the accident report itself. This is so even if no attempt is made to place the accident report into evidence; absolutely no reference to the accident report can be made in the presence of the jury. *Davis*, 219 Va. at 8. References to the accident report achieve "indirectly what Code § 46.2-379 forbids to be done directly." *Acuar*, 260 Va. at 187 (*quoting Phillips*, 211 Va. at 22-33).

---

[2] The Department of Motor Vehicles accident report is formally referred to as a Field Report 300 or FR-300.

Problems occur when the investigating officer no longer has the personal notes he or she created during the investigation of the accident. Frequently, several years may separate the accident and any resulting litigation, the existence of which investigating officers are most likely unaware until they are subpoenaed shortly before trial.[3] In these cases, therefore, the accident report filed with the Virginia Department of Motor Vehicles may well be the sole remaining document memorializing what the officer observed, heard, and concluded at the time of his investigation.

The issue then becomes whether the accident report can be used to refresh the memory of the testifying officer, and alternatively, if that fails, whether the accident report can be used as a past recollection recorded. Only a handful of Virginia cases provide guidance, and each of them deal only with present recollection refreshed.

## I. *Present Recollection Refreshed*

Present recollection refreshed and past recollection recorded, while often confused, are quite distinct. Although past recollection recorded pertains primarily to written documents, counsel may use literally anything under the sun to refresh a witness's memory, even if the evidence is not admissible in the proceedings. Charles E. Friend, *The Law of Evidence in Virginia* 76 (1993). In fact, there are few limitations placed on evidence used to refresh a witness' memory.

> Beyond the requirement that the opposing party must be given an opportunity to examine the material used to refresh recollection, there seems to be little or no restriction on its use, except that the courts repeatedly emphasize that the memory must in fact be refreshed, and that the witness must, after examining the material, be able to speak from his or her own refreshed memory, and not from the source of the refreshment. It appears that the witness need not even put aside the material, but may continue to refer to it while testifying.

*Id.* (internal citations omitted).

---

[3] In one of the cases before this Court, the investigating officer admitted to having thrown out his notes after completing the accident report, believing that there was no longer a use for them.

Due to the paucity of precedents in Virginia regarding the use of accident reports in any capacity, in *Krizak v. W. C. Brooks and Sons*, the United States Court of Appeals for the Fourth Circuit was relegated to inferring that the Supreme Court of Virginia did not insist on an absolute prohibition to admissibility of all contents in an accident report. 320 F.2d 37, 44 (4th Cir. 1963). In *Krizak*, the driver of defendant's truck submitted his own accident report to the Virginia Department of Motor Vehicles. It contained statements contradictory to the driver's testimony at trial, and the plaintiff wished to use the statements made in the report to impeach the driver.

In its analysis, the court began by asserting that had the driver been a party to the case, "the use of the statements made in the report here attempted would be, as positive evidence in the case, admissible by the opposing party for any purpose." *Id.* at 43 (citing *Community Counseling Service, Inc. v. Reilly*, 317 F.2d 239 (4th Cir. 1963), and *Wigmore on Evidence* (3d ed. 1940) § 1048, et seq.). In spite of the absolutist language in the statute, the court declared that statements made in an accident report "are not confidential in every sense" because copies of the report are distributed to all persons involved in the accident and their attorneys. *Id.* at 44.

Accordingly, the court surmised, "This tends to indicate that the purpose of the statute is to permit the report to be used against the maker, and merely prohibits the admission of the report itself." *Id.* The court found this to be a permissible interpretation of the statute in reliance on *Moore v. Warren*, 203 Va. 117 (1961), a case in which the Supreme Court of Virginia "seemed to distinguish between the admissibility of the statement made in the report, and the report itself. … [A]s the reason for excluding the report [in *Moore*], the court cited the statute, but as to the reason for excluding the statements made therein, the court relied on the hearsay rule." *Krizak*, 320 F.2d at 44.[4]

While the court in *Krizak* had little guidance, it was determined to err on the side of admissibility and guarded against creating any broad rules. *Id.* at 45. That being said, the few Virginia cases that exist in this area cite *Krizak* as strong precedent. But the most important aspect of the case is that the Fourth Circuit articulated that the best way to carry out the purposes of the statute and yet allow the plaintiff to cross-examine the driver was to not make mention of the existence of the report. *Id.* Therefore, the Court allowed the plaintiff to

---

[4] For a more recent explication of this principle, see *Walter v. Virginia*, 8 Va. App. 485 (1989) (simply because the defendant's statements made at the time of his arrest for drunk driving were in the accident report does not mean that the officer could not testify as to what the defendant said).

contradict the driver's in-court testimony with the statements he made in the accident report, but determined it was appropriate to prevent the jury from learning of the source of the inconsistent statements.

The next case pertinent to this issue is *Phillips v. Schools*, 211 Va. 19 (1970). The defendant's own accident report filed with the Virginia Department of Motor Vehicles contained statements that were contradictory to his in-court testimony. When the plaintiff sought to impeach the defendant using the accident report, the trial court refused to allow counsel's references to the accident report. The Supreme Court of Virginia upheld the decision of the trial court saying:

> [T]o have permitted plaintiff's counsel to make specific reference to the report in the presence of the jury, and to read defendant's statement therein for the purpose of contradicting him, would have in effect accomplished indirectly what Code § 46.1-407 forbids to be done directly. Even in *Krizak* ... strongly relied on by the plaintiff's attorney in support of his position, the court concluded that the party making an accident report might be cross-examined on the contents thereof, but "in order to fully carry out the purpose of the privilege, no mention of the existence of the report as such may be made." The fact that defendant testified differently from what the report showed as to how the accident occurred did not give plaintiff the right to use the report in a way that would have nullified the provisions of the statute. Hence we hold that the ruling of the trial court was correct.

*Id.* at 23 (*quoting Krizak*, 320 F.2d at 45). In that passage, the court seemed to be commenting that the contradictory passages in the accident report would have been admissible if plaintiff's attorney had not insisted on making actual references to the accident report in front of the jury, but that, in any event, the failure of the trial court to instruct him to do so was not reversible error.

The next case to examine this area of the law is *Davis v. Colgin*, 219 Va. 5 (1978). In the time between the first case the plaintiff brought, which was nonsuited, and the second trial, the investigating officer had lost the notebook in which he had recorded his observations and conclusions regarding the automobile accident at issue. The plaintiff gave him a copy of the accident report to refresh his memory, though this fact was not mentioned to the jury. On cross-examination, the defense attorney was able to make it abundantly clear that the officer used an accident report to refresh his memory.

Building on *Krizak* and *Phillips*, the court determined that while the investigating officer's "report was never introduced in evidence in the case under review, no reference thereto should have been made or permitted by either party or their counsel." *Id.* at 8. Because the court was unable to determine how prejudicial the references to the accident report were, the lower court's decision to allow the testimony was reversed and the case was remanded for a new trial.

Normally with evidence used to refresh a witness' testimony, "the adverse party has the right to examine the material, to use it in cross-examining the witness, and to show it to the jury." Friend, *supra*, at 76 (*citing* McCormick, *Evidence* § 299). However, both the Fourth Circuit Court of Appeals and the Supreme Court of Virginia appear to have carved out an exception to the rule in a quest to find a fair balance between an unequivocal statute and a permissive rule of evidence. Friend, *supra*, 76, n. 8; Thomas J. Curcio & Sandra M. Rohrstaff, Virginia Trial Lawyers Association, *Evidence for the Trial Lawyer* 38 (1998) ("If the material used to refresh memory is itself inadmissible as evidence, the right to cross-examine the witness may be limited.").

## II. *Past Recollection Recorded*

As opposed to present recollection refreshed, evidence used for past recollection recorded is more regulated and is usually regarded as an exception to the hearsay rule. Past recollection recorded was not formally recognized by the Supreme Court of Virginia until 1980 in *Ashley v. Commonwealth*, 220 Va. 705, 261 S.E.2d 323 (1980). This exception allows a witness who has no independent memory of the contents of a writing "to testify directly from notes or reports if certain requirements are met." *James v. Commonwealth*, 8 Va. App. 98, 102, 379 S.E.2d 378 (1989). In 1991 the Supreme Court of Virginia prescribed those requirements:

> (1) [T]he witness must have had firsthand knowledge of the event, (2) the written statement must be an original memorandum made at or near the time of the event, when the witness had a clear and accurate memory of it, (3) the witness must lack a present recollection of the event, (4) the witness must vouch for the accuracy of the written memorandum.

*Scott v. Greater Richmond Transit Co.*, 241 Va. 300, 304, 402 S.E.2d 214, 217 (1991) (*citing* McCormick, *supra*).

It is important to note that the witness may read from the document even if it itself is not admissible as evidence. And the fact a witness actually does read from a document as past recollection recorded does not make that document automatically admissible "unless offered by an adverse party." *Scott*, 241 Va. at 305. In that sense, past recollection recorded is not a full-fledged exception to hearsay. Friend, *supra*, at 79.

The only time the Supreme Court of Virginia has ever commented on the admissibility of a statement in an accident report as a past recollection recorded exception to the hearsay rule is when it declined to rule on the matter because the trial court had not done so either. *See Cherry v. Nash Const. Co.*, 252 Va. 241, 246, n. 1 (1996) (defendant may not prohibit investigating officer from testifying from his field notes simply because they were incorporated into his DMV accident report).

The Supreme Court in *Cherry* did give one further morsel of guidance that presumably pertains to past recollection recorded *and* present recollection revived equally. The Court asserted that, "no portion of the actual report will be admitted, even though any references to its official nature have been deleted." *Id.* at 246. Therefore, even if stripped of its reverential nature, the jury is nonetheless prevented from seeing it in any redacted form.

## Conclusion

Because documents used by witnesses as past recollection recorded are not automatically admissible as evidence, it appears from what little guidance there is on this subject that past recollection recorded could be treated just as present recollection revived. This would be the fairest course of action, as, in the two cases before this Court, the respective accident reports are the plaintiff's only way of getting specific testimony into evidence.

It has been made clear by the Supreme Court of Virginia and the Fourth Circuit that the contents of an accident report are not confidential. It would be inequitable, then, to shield this testimony from the jury simply because the defendants' statements to the investigating officer were written on a Department of Motor Vehicles accident report and not, say, etched on a bathroom stall.

While it is possible that an officer may be allowed to testify as to the contents of the accident report just as if it were his field notes, under no circumstances should that be revealed to the jury. The opponent of the testimony is usually entitled to enter into evidence any document a witness

uses as past recollection recorded. However, denying the opponent the right to do so is scarcely different than preventing opposing counsel from showing the jury items used to refresh recollection. And if the *Krizak-Davis* line of cases allows a court to depart from the normal rules of evidence in such circumstances, it is not a significant leap to surmise that they would do so in essentially the same manner in the two cases before this Court.

For the above reason, the Petitioners' motions in limine are denied. The officers may read relevant portions from the accident report if it is established that the officers had firsthand knowledge of the matters to which they are asked to testify, that the only written statements recording their knowledge is the accident report which they prepared at or near the time of the investigations, that they lack a present recollection of their investigations, and that they vouch for the accuracy of the written memorandum. Neither the officers nor counsel may identify the writing or the accident report nor may either party seek to admit the report into evidence.