Present:   All the Justices

CAROLYN STOTTLEMYER
                    OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.

v.  Record No. 031613              June 10, 2004

JOHN W. GHRAMM, M.D., ET AL.

        FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
                    John J. McGrath, Jr., Judge

                              I.

     In this appeal of a judgment entered in favor of health

care providers who were defendants in a medical negligence

action, we consider whether the circuit court erred by

refusing to permit the plaintiff to cross-examine the

defendant physician regarding his alleged prior acts of

negligence and misconduct.

                              II.

     Plaintiff, Carolyn Stottlemyer, filed her motion for

judgment against John W. Ghramm, M.D., and Winchester Medical

Center, Inc.  She alleged in her motion for judgment that both

defendants breached the standard of care owed to her during

the performance of an abdominal hysterectomy at a hospital

known as the Winchester Medical Center.  Plaintiff alleged

that the Winchester Medical Center, Inc., which operates the

hospital, knew or should have known that Dr. Ghramm should not

have been granted privileges to practice medicine at the

hospital prior to the surgery and that he should not have been

permitted to perform the surgery on plaintiff.  Stottlemyer also alleged that Winchester Medical Center breached the standard of care owed to her because it failed to adequately supervise Dr. Ghramm.

Winchester Medical Center filed a demurrer to plaintiff's motion for judgment.  The circuit court sustained the demurrer on the basis that a hospital does not have a duty to supervise a physician who is an independent contractor using the hospital's facilities.  The circuit court granted plaintiff leave to amend her purported cause of action for negligent credentialing.  Plaintiff filed an amended motion for judgment and alleged that Winchester Medical Center breached the standard of care owed to her because it was negligent in the credentialing process for Dr. Ghramm.  Plaintiff also alleged in her motion that Dr. Ghramm committed acts of negligence related to the performance of the procedure upon her.

Prior to a jury trial, the Winchester Medical Center filed a motion to sever plaintiff's actions against it and Dr. Ghramm.  The circuit court ruled that the plaintiff's cause of action for medical negligence against Dr. Ghramm would be bifurcated from plaintiff's claim of negligent credentialing against the Winchester Medical Center.  The circuit court also ruled that plaintiff was required to present her case of negligence against Dr. Ghramm, and if the jury found that

2

Ghramm was negligent, the plaintiff would be permitted to present her case against the Winchester Medical Center and Dr. Ghramm for the alleged acts of negligent credentialing.

During the trial, plaintiff contended that Dr. Ghramm failed to take her medical history and failed to conduct a physical examination of her at the hospital before the abdominal hysterectomy. Dr. Ghramm had performed a different surgical procedure on the plaintiff a year before he performed the abdominal hysterectomy. Plaintiff's expert witness testified that the records of the plaintiff's medical history that Dr. Ghramm claimed he took from plaintiff and records of the physical examination that Dr. Ghramm claimed that he performed on plaintiff related to the abdominal hysterectomy "seemed to match the history and physical condition" of the plaintiff during her prior surgery. Plaintiff's expert witness also testified that the medical history that Dr. Ghramm claimed he took from plaintiff and the records of the physical examination Dr. Ghramm claimed he performed were inconsistent with the records recorded by the nursing staff at the time of the abdominal hysterectomy. Plaintiff also claimed that Dr. Ghramm had not obtained her informed consent to perform the abdominal hysterectomy.

Dr. Ghramm testified that he took the plaintiff's medical history and conducted a physical examination of her at the

3

hospital "just before" he performed the abdominal hysterectomy. Dr. Ghramm stated that he had met with the plaintiff in his office about two months before he performed the abdominal hysterectomy and that she signed an informed consent form. Dr. Ghramm testified about the manner in which he performed the surgery, and he discussed a consent form that "purported to be witnessed by a woman who had been an assistant in his office." The woman, however, did not testify during the trial.

Plaintiff attempted to cross-examine Dr. Ghramm about certain alleged "prior bad acts" he had committed. Plaintiff sought to cross-examine Dr. Ghramm about the following: whether Dr. Ghramm had previously made improper alterations of medical records; whether the State Board of Medicine had made a finding that Dr. Ghramm had modified medical records; whether Dr. Ghramm had ever abandoned a patient; whether Dr. Ghramm had admitted to the State Board of Medicine that he had provided care beneath the standards required by a hospital; whether the State Board of Medicine had reprimanded Dr. Ghramm for improper conduct; whether a hospital had suspended Dr. Ghramm's medical staff privileges; whether a hospital had granted Dr. Ghramm medical staff privileges conditioned upon his submission to supervision by other physicians; whether Dr. Ghramm had ever lied about prior reprimands or suspensions on

4

his applications for hospital medical staff privileges; whether a psychiatrist made a finding that Dr. Ghramm was not fit to practice medicine in a hospital setting; whether a hospital had required Dr. Ghramm to receive psychiatric care and counseling as a condition for the continuation of his medical staff privileges at that hospital; and whether Dr. Ghramm had consented to the State Board of Medicine's findings of 19 prior acts of improper conduct in the hospital.

Plaintiff made an evidentiary proffer in support of these assertions. The circuit court refused to permit plaintiff to cross-examine Dr. Ghramm on these subjects and, thus, the jury did not consider this evidence. At the conclusion of the trial, the jury returned a verdict in favor of Dr. Ghramm. The circuit court entered an order confirming the verdict and dismissed plaintiff's claims for negligent credentialing against Dr. Ghramm and the hospital. Plaintiff appeals.

### III.

Plaintiff argues that the right to cross-examine a witness is "fundamental to jurisprudence" and that she was deprived of this right during her trial. Continuing, she contends that she was entitled to cross-examine the defendant about his alleged prior acts of negligence and misconduct that we have summarized. Plaintiff asserts that she was entitled to cross-examine him about his alleged prior bad acts to

5

impeach his credibility. She also claims that the circuit court's refusal to permit her to cross-examine Dr. Ghramm on these subjects denied her the right to cross-examination. We disagree.

In this Commonwealth, the rule is well established that a litigant may not cross-examine a witness about collateral independent facts irrelevant to the issues before the trier of fact. Clark v. Commonwealth, 202 Va. 787, 789, 120 S.E.2d 270, 272 (1961); Allen v. Commonwealth, 122 Va. 834, 841, 94 S.E. 783, 785 (1918). We have stated the following principles that are pertinent to our resolution of this appeal:

> "It is an elementary rule that the evidence must be confined to the point in issue, and hence evidence of collateral facts, from which no fair inferences can be drawn tending to throw light upon the fact under investigation, is excluded, the reason being . . . that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice and mislead them . . . ."

Jackson v. The Chesapeake & Ohio Ry. Co., 179 Va. 642, 648, 20 S.E.2d 489, 491 (1942) (quoting Moore v. Richmond, 85 Va. 538, 539, 8 S.E. 387, 388 (1888)). Accord PTS Corp. v. Buckman, 263 Va. 613, 620, 561 S.E.2d 718, 722 (2002); Spurlin v. Richardson, 203 Va. 984, 990, 128 S.E.2d 273, 278 (1962).

We held in Allen, 122 Va. at 842, 94 S.E. at 786, that: "The test as to whether a matter is material or collateral, in the matter of impeachment of a witness, is whether . . . the

6

cross-examining party would be entitled to prove it in support of his case." We have also stated that "[a] fact is wholly collateral to the main issue if the fact cannot be used in evidence for any purpose other than for contradiction." Seilheimer v. Melville, 224 Va. 323, 327, 295 S.E.2d 896, 898 (1982).

Applying the aforementioned principles, we hold that the circuit court did not err by denying plaintiff's attempts to cross-examine Dr. Ghramm about his alleged prior acts of misconduct and negligence relating to his former patients. The subjects of testimony upon which the plaintiff sought to cross-examine Dr. Ghramm were collateral, and such testimony would have certainly injected non-probative prejudicial evidence before the jury. This collateral evidence would have distracted the jurors from the issues of Dr. Ghramm's alleged negligence, and such evidence would have excited prejudice and misled the jurors. Even though a plaintiff has a right to cross-examine a defendant on relevant subjects of inquiry, that right does not permit the plaintiff to cross-examine that defendant on collateral matters.

Plaintiff also argues that the circuit court erred because it denied her an opportunity to cross-examine Dr. Ghramm and demonstrate "his pattern and history of substandard care." Plaintiff contends that she should have been entitled

7

to cross-examine Dr. Ghramm about the State Board of Medicine's findings of "his poor performance in a hospital setting" and the Board's reprimand. Plaintiff asserts that Ghramm's alleged "prior bad acts" were relevant to the proof of allegations in plaintiff's cause of action and, therefore, such evidence should have been admitted at trial. We disagree.

Generally, specific acts of bad conduct or prior acts of negligence are not relevant or admissible to show that a defendant was negligent and that such negligence was a proximate cause of a plaintiff's injuries. Evidence that a defendant was negligent on a prior occasion simply has no relevance or bearing upon whether the defendant was negligent during the occasion that is the subject of the litigation. Cherry v. D.S. Nash Construction Co., 252 Va. 241, 244, 475 S.E.2d 794, 796 (1996).

In this case, the issues before the jury were whether Dr. Ghramm performed an abdominal hysterectomy upon the plaintiff in accordance with the applicable standards of care and whether Dr. Ghramm obtained her informed consent for that procedure. Dr. Ghramm's alleged prior bad acts and his alleged prior acts of negligence related to other patients simply had no relevance to the issues that were before the jury for its consideration. Therefore, we hold that the

8

circuit court properly refused to permit the plaintiff to cross-examine Dr. Ghramm about these alleged bad acts. Additionally, we note that Dr. Ghramm's alleged prior bad acts do not constitute evidence of habit or routine practice within the intendment of Code § 8.01-397.1.

## IV.

In summation, we hold that the circuit court properly limited the scope of plaintiff's cross-examination of Dr. Ghramm because plaintiff did not have a right to cross-examine a witness on collateral matters. The circuit court also properly refused to permit plaintiff to cross-examine Dr. Ghramm about his alleged prior bad acts and alleged acts of negligence against other patients because such testimony was neither relevant nor probative to the issues properly before the jury. In view of our holdings that evidence plaintiff sought to elicit during her cross-examination of Dr. Ghramm was not admissible, we conclude that the circuit court did not abuse its discretion when it bifurcated the trial. We need not consider whether plaintiff had causes of action against Winchester Medical Center for negligent supervision or negligent credentialing because the jury found that Dr. Ghramm was not negligent and, therefore, those issues are moot. Accordingly, we will affirm the judgment of the circuit court.

Affirmed.

9